UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Erlin A. Chavez
and other similarly situated individuals,

    Plaintiff(s),

v.

Lotspeich Company, Inc.

    Defendant,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Erlin A. Chavez and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendant Lotspeich Company, and alleges:

Jurisdiction

1. This is an action to recover money damages for unpaid overtime wages under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Erlin A. Chavez is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes of the Act.

3. Defendant Lotspeich Company, Inc. (from now on Lotspeich Company, or Defendant) is a Florida Profit Corporation. Defendant has a place of business in Dade County, within this Honorable Court's Jurisdiction. At all times material, Defendant was and is engaged in

interstate commerce. Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

4. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

## General Allegations

5. This cause of action is brought by Plaintiff Erlin A. Chavez as a collective action to recover from Defendant overtime compensation, liquidated damages, retaliatory damages, costs, and reasonable attorneys fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after March 2022, (the "material time") without being adequately compensated.

6. Defendant Lotspeich Company is a construction company, specialized in metal framing. Defendant has facilities located at 16101 NW 54 Avenue, Miami, Florida 33014.

7. Defendant Lotspeich Company employed Plaintiff Erlin A. Chavez as a non-exempted, full-time, hourly employee from March 01, 2022, to April 28, 2022, or 8 weeks.

8. Plaintiff was hired as a metal carpenter. Plaintiff's wage rate was $22.00 an hour. Plaintiff's overtime rate should be $33.00 an hour.

9. During his employment with Defendant, Plaintiff worked a regular schedule of 5 days per week. Plaintiff worked from Monday to Friday, from 7:00 AM to 3:30 PM (8.5 hours daily), or a total of 42.5 weekly. Plaintiff was paid for 40 hours weekly.

10. However, Plaintiff is claiming that during the relevant period, Defendant deducted 2.5 hours of lunchtime weekly, regardless of whether Plaintiff could take lunch or not. Plaintiff was not able to take lunch bonafide lunchtime during the whole week.

11. Defendant unproperly deducted 2.5 hours of lunchtime every week. These 2.5 hours deducted as lunchtime hours constitute 2.5 unpaid overtime hours per week.

12. Plaintiff did not clock in and out, but Defendant was in complete control of Plaintiff's schedule and was able to track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant knew that Plaintiff's lunch hours should not be deducted and constituted unpaid overtime hours.

13. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid with checks and paystubs that did not reflect the real number of days and hours worked.

15. Plaintiff did not agree with the working hours deducted and on or about April 22, 2022, Plaintiff complained to his supervisor, David LNU about the deduction of 2.5 lunch hours that should be paid as overtime hours. The supervisor ignored Plaintiff's complaints.

16. As a result of Plaintiff's complaint, on or about April 28, 2022, General Superintendent Manny LNU, fired Plaintiff alleging pretextual reasons.

17. On or about April 28, 2022, Plaintiff was terminated due to his complaints about unpaid overtime hours (2.5 lunchtime deduction), illegal deductions, and due to discriminatory reasons. Plaintiff is in the process of filing his Charge of Discrimination with the US Equal Employment Opportunity Commission (EEOC).

18. Plaintiff Erlin A. Chavez seeks to recover 2.5 unpaid overtime hours weekly for every week he worked for Defendant, liquidated damages, retaliatory damages, the reimbursement of any illegal deduction, and any other relief as allowable by law.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME

19. Plaintiff Erlin A. Chavez re-adopts every factual allegation stated in paragraphs 1-18 above as if set out in full herein.

20. This action is brought by Plaintiff Erlin A. Chavez and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount of liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate, not less than one and a half times the regular rate at which he is employed."

21. The employer Lotspeich Company was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction company specializing in metal framing. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, and uses telephonic transmissions going over state lines to do its business. Upon information and belief, the annual

gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

22. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

23. Defendant Lotspeich Company employed Plaintiff Erlin A. Chavez as a non-exempted, full-time, hourly employee from March 01, 2022, to April 28, 2022, or 8 weeks.

24. Plaintiff was hired as a metal carpenter. Plaintiff's wage rate was $22.00 an hour. Plaintiff's overtime rate should be $33.00 an hour.

25. During his employment with Defendant, Plaintiff worked a regular schedule of 5 days per week, a total of 42.5 weekly. Plaintiff was paid for 40 hours weekly.

26. However, Plaintiff is claiming that during the relevant period, Defendant deducted 2.5 hours of lunchtime weekly, regardless of whether Plaintiff could take lunch or not. Plaintiff was not able to take lunch bonafide lunchtime during the whole week.

27. Defendant unproperly deducted 2.5 hours of lunchtime every week. These 2.5 hours deducted as lunchtime hours constitute 2.5 unpaid overtime hours per week.

28. Plaintiff did not clock in and out, but Defendant was in complete control of Plaintiff's schedule and was able to track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant knew that Plaintiff's lunch hours should not be deducted and constituted unpaid overtime hours.

29. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

30. Plaintiff was paid with checks and paystubs that did not reflect the real number of days and hours worked.

31. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant.  However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

32. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

34. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good faith estimate based on his recollections and to the best of his knowledge. After discovery, Plaintiff will amend his statement of claim.

a. <u>Total amount of alleged unpaid O/T wages</u>:

   Six Hundred Sixty Dollars and 00/100 ($660.00)

b. <u>Calculation of such wages</u>:

   Total period of employment:  8 weeks
   Relevant weeks of employment:  8 weeks
       Total hours worked: 42.5 weekly
       Total unpaid O/T hours:  2.5 overtime hours (2.5 lunch hours)
   Regular rate: $22.00 x 1.5=$33.00 O/T rate
   O/T rate $33.00

    O/T $33 x 2.5 O/T hours=$82.50 weekly x 8 weeks=$660.00

c. <u>Nature of wages (e.g., overtime or straight time):</u>

    This amount represents unpaid overtime wages.

35. At all times, material hereto, the Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

36. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

37. Defendant Lotspeich Company willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

38. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Erlin A. Chavez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Erlin A. Chavez and other similarly situated individuals and

against Defendant Lotspeich Company based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Erlin A. Chavez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Erlin A. Chavez demands a trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)**
**RETALIATION**

39. Plaintiff Erlin A. Chavez re-adopts every factual allegation stated in paragraphs 1-18 of this Complaint as if set out in full herein.

40. The employer Lotspeich Company was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a construction company specializing in metal framing. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization that sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, and uses telephonic transmissions going over state lines to do its business. Upon information and belief, the annual

gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

41. Plaintiff was employed by an enterprise engaged in interstate commerce. Through his daily activities, Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by handling and working on goods and materials and materials that were produced for commerce and moved across State lines at any time during the business. Therefore, there is individual coverage.

42. Defendant Lotspeich Company employed Plaintiff Erlin A. Chavez as a non-exempted, full-time, hourly employee from March 01, 2022, to April 28, 2022, or 8 weeks.

43. Plaintiff was hired as a metal carpenter. Plaintiff's wage rate was $22.00 an hour. Plaintiff's overtime rate should be $33.00 an hour.

44. During his employment with Defendant, Plaintiff worked a regular schedule of 5 days per week, a total of 42.5 weekly. Plaintiff was paid for 40 hours weekly.

45. However, Plaintiff is claiming that during the relevant period, Defendant deducted 2.5 hours of lunchtime weekly, regardless of whether Plaintiff could take lunch or not. Plaintiff was not able to take lunch bonafide lunchtime during the whole week.

46. Defendant unproperly deducted 2.5 hours of lunchtime every week. These 2.5 hours deducted as lunchtime hours constitute 2.5 unpaid overtime hours per week.

47. Plaintiff did not clock in and out, but Defendant was in complete control of Plaintiff's schedule and was able to track the number of hours worked by Plaintiff and other similarly situated individuals. Defendant knew that Plaintiff's lunch hours should not be deducted and constituted unpaid overtime hours.

48. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

49. Plaintiff was paid with checks and paystubs that did not reflect the real number of days and hours worked.

50. Plaintiff did not agree with the deductions, and on or about April 22, 2022, Plaintiff complained to his supervisor, David LNU about the deduction of 2.5 lunch hours that should be paid as overtime hours. The supervisor ignored Plaintiff's complaints.

51. This complaint constituted protected activity under 29 U.S.C. 215(a)(3).

52. Nevertheless, as a result of Plaintiff's complaint, on or about April 28, 2022, General Superintendent Manny LNU, fired Plaintiff alleging pretextual reasons.

53. On or about April 28, 2022, Plaintiff was terminated due to his complaints about unpaid overtime hours (2.5 lunchtime deduction).

54. At all times during his employment, Plaintiff performed his work satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendant.

55. The termination of Plaintiff Erlin A. Chavez by Defendant was directly and proximately caused by Defendant's unjustified retaliation against Plaintiff because of his complaints about overtime payment and illegal deductions, in violation of Federal Law.

56. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

57. Defendant Lotspeich Companywillfully and maliciously retaliated against Plaintiff Erlin A. Chavez by engaging in a retaliatory action that was materially adverse to a reasonable

employee and with the purpose to dissuade Plaintiff from exercising his rights under 29 U.S.C. 215(a)(3).

58. The motivating factor which caused Plaintiff to be fired from the business, as described above, was his complaints seeking his overtime wages from Defendant.

59. Defendant's adverse actions against Plaintiff Erlin A. Chavez were in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

60. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Erlin A. Chavez respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendant Lotspeich Company that Plaintiff recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendant Lotspeich Company to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Erlin A. Chavez further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

 Plaintiff Erlin A. Chavez demands a trial by a jury of all issues triable as of right by a jury.

Dated:  July 12, 2022

                Respectfully submitted,

              By:  /s/ **Zandro E. Palma**
                ZANDRO E. PALMA, P.A.
                Florida Bar No.: 0024031
                9100 S. Dadeland Blvd.
                Suite 1500
                Miami, FL 33156
                Telephone: (305) 446-1500
                Facsimile:  (305) 446-1502
                zep@thepalmalawgroup.com
                *Attorney for Plaintiff*